IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MACEE DION GREEN | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv471 |
| DR. JOHN WOMBLE, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Macee Dion Green, an inmate formerly at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled action.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed for failing to state a claim upon which relief may be granted based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

In his objections, plaintiff states that he explained in his complaint that "the administrative remedy process is too lengthy for [him] to complete before filing this lawsuit with the court."

Additionally, plaintiff states that he "is currently waiting for a response from his 'Regional Administrative Remedy Appeal' (the third of four steps in the process)."

After careful consideration, the court concludes plaintiff's objections are without merit. Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The relevant statutory provision "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). Here, it is clear plaintiff did not exhaust administrative remedies prior to filing his lawsuit.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **22** day of **June, 2009.**

_____
Thad Heartfield
United States District Judge